FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 JAN 21 PM 12: 40
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EDGARDO ANDRES PALENCIA RIOS,

ANNEIRO J. ALANA-RENDILES,

KAINA ANDREA ANGULO-PARRA,

JAN KLEYVER AVILA,

DANIEL BARRIOS-FERNANDEZ,

KEIVER YIBRAIM BERROTERAN ALIENDO,

JORGE CARBALLO RODRIGUEZ,

KISVER CACERES OVIEDO,

WINDER M. CARDENAS-SAYABEDRA,

WILSON ENRIQUE COLMENAREZ-HERRERA,

JULIANNYS BEATRIZ DELGADO MAESTRE,

JUAN ALEXANDER FAGUNDEZ AREVALO,

YOHANYI RAFAEL FERRER HERNANDEZ,

CARLOS EDUARDO HERNANDEZ MORENO,

CESAR A. IDROGO-RENGEL,

ESCARLI PAOLA MAIZ HERRERA,

SAMUEL ALEJANDRO MALAVER GUAICURBA,

WILDERMAL MARQUEZ BREA,

8:26CR 7

INDICTMENT

18 U.S.C. § 1349
18 U.S.C. § 371
18 U.S.C. § 1344
18 U.S.C. § 2113(a)
18 U.S.C. §§ 1030(a)(5)(A),
(c)(4)(B)
18 U.S.C. § 2

1

MIGUEL MATOS AVILA,

ORLANDO MIRABAL,

JUAN CARLOS MOJICA VALDERRAMA,

MOISES DAVID NANEZ SANCHEZ,

YEITCKER A. PEREZ MARTINEZ,

RICARDO PLAZ REYES,

LEONEL ALEXANDER RAMONES RAMOS,

JEFFERSON ADRIAN RODRIGUEZ QUINTERO,

ROGER JAVIER SALAZAR SALAZAR,

RYBER JOSE SANCHEZ DIAZ,

HENRY SANTIAGO THIES LUGO,

GEILOND JOSE VIDO ROMERO,

JEFFERSON BLADIMIR VIVAS LISCANO,

     Defendants.

The Grand Jury charges:

At all times relevant to this Indictment,

### Introduction

1. A "jackpotting" attack is a type of cyberattack where criminals exploit vulnerabilities in Automated Teller Machines ("ATMs") or Interactive Teller Machines ("ITMs") of financial institutions by using malware to force the ATMs or ITMs to dispense cash without debiting an account.

2. "Malware" is an abbreviated term for "malicious software." Malware refers to software programs designed to damage or do other unwanted actions on a computer system.

3. "Ploutus" is a specific type of malware designed to be used in ATM jackpotting to force an ATM to dispense cash.

4. A "Raspberry Pi" device is a small, affordable type of computer with its own memory, processor, and drivers, with the malware to then deploy on the ATMs' or ITMs' computer.

5. Defendants and other members of the conspiracy known and unknown to the Grand Jury have used ATM jackpotting in the United States to steal millions of dollars from financial institutions in the United States. Typically, members or associates of the conspiracy would conduct surveillance, break into an ATM, and deploy malicious software (malware) intended to force the ATM to dispense the currency held within it.

6. At all times relevant to this Indictment, Victim Bank-1 through Victim Bank-55 (collectively, the "Victim Banks") were all insured by the Federal Deposit Insurance Corporation.

7. At all times relevant to this Indictment, Victim Credit Union-1 through Victim Credit Union-43 (collectively, the "Victim Credit Unions") were all insured by the National Credit Union Administration Board.

8. The Victim Banks and Victim Credit Unions were all Financial Institutions as defined in 18 U.S.C. § 20 (collectively, "the Victim Financial Institutions").

## COUNT I
## CONSPIRACY TO COMMIT BANK FRAUD

9. The factual allegations contained in paragraphs 1 through 8 of this Indictment are re-alleged as though fully set forth herein.

10. During the course of the conspiracy, ATM malware was generally deployed in three stages. The first stage involved installation of the hardware. Specifically, members of the conspiracy would typically gain physical access to the ATM, remove the data storage device (referred to as a hard drive, or solid-state drive) from the ATM, install malicious code onto the data storage

3

device, and then reinsert the data storage device into the ATM. The second stage occurred when the malware was activated. Members of the conspiracy would activate the malware remotely, through special codes or commands. The malware employed would bypass the ATM's security systems, effectively taking control of the ATM's operations. Third and finally, a "dispense" command would be sent to the ATM. With the malware bypassing the ATM's security systems, the ATM would then dispense cash until it runs out or the process is disrupted.

11. The process described in paragraph 10 typically involved multiple defendants working in concert to successfully complete an ATM jackpotting attack. Typically, members of the conspiracy would travel in advance before the ATM jackpotting attack to take pictures of the ATM, as well as the hardware and internal components, and to ensure that there was not a silent hood alarm on the ATM. Other co-conspirators, after surveillance had been completed, would then install the malware. After the malware was successfully deployed, other co-conspirators would go to the ATM to retrieve the cash after the dispense command had been effectuated. The malware used during the course of the conspiracy contained an executable file that would cause the malware to self-delete after the ATM jackpotting was complete. The purpose of this particular feature of the malware was to avoid detection if the ATM's software was forensically analyzed.

12. The ATM jackpotting conspiracy described herein was very profitable for the conspiracy. Between in or around February 2024 and in or around January 2026, the defendants and other members of the conspiracy known and unknown to the Grand Jury committed or attempted to commit at least 55 ATM jackpottings of the Victim Banks. Between in or around February 2024 and in or around January 2026, the defendants committed or attempted to commit at least

43 ATM jackpottings of the Victim Credit Unions. The overall loss to the Victim Financial Institutions was at least approximately $6,076,321 and at least an additional $1,720,807.74 was attempted. The defendants who participated in a particular jackpotting attack would be permitted to keep a percentage of the proceeds. The remainder of the proceeds were delivered, distributed, transferred, or deposited with other members of the conspiracy to create the appearance that they were legitimate proceeds from lawful activity.

13. The losses to the Victim Financial Institutions were sometimes well in excess of $100,000 at each ATM jackpotting attack. For example, on or about August 16 and August 17, 2025, members of the conspiracy committed a jackpotting attack on two ATMs at Victim Credit Union-2, located in Kearney, Nebraska, and obtained approximately $300,000 in illicit proceeds.

## Statutory Allegations

14. From at least in or around January 2024 through at least in or around December 2025, in the District of Nebraska and in Venezuela, Colombia, Mexico, Spain, El Salvador, Honduras, and elsewhere, the defendants, EDGARDO ANDRES PALENCIA RIOS, ANNEIRO J. ALANA-RENDILES, KAINA ANDREA ANGULO-PARRA, JAN KLEYVER AVILA, DANIEL BARRIOS-FERNANDEZ, KEIVER YIBRAIM BERROTERAN ALIENDO, JORGE CARBALLO RODRIGUEZ, KISVER CACERES OVIEDO, WINDER M. CARDENAS-SAYABEDRA, WILSON ENRIQUE COLMENAREZ-HERRERA, JULIANNYS BEATRIZ DELGADO MAESTRE, JUAN ALEXANDER FAGUNDEZ AREVALO, YOHANYI RAFAEL FERRER HERNANDEZ, CARLOS EDUARDO HERNANDEZ MORENO, CESAR A. IDROGO-RENGEL, ESCARLI PAOLA MAIZ HERRERA, SAMUEL ALEJANDRO MALAVER GUAICURBA, WILDERMAL MARQUEZ BREA, MIGUEL

MATOS AVILA, ORLANDO MIRABAL, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, YEITCKER A. PEREZ MARTINEZ, RICARDO PLAZ REYES, LEONEL ALEXANDER RAMONES RAMOS, JEFFERSON ADRIAN RODRIGUEZ QUINTERO, ROGER JAVIER SALAZAR SALAZAR, RYBER JOSE SANCHEZ DIAZ, HENRY SANTIAGO THIES LUGO, GEILOND JOSE VIDO ROMERO, JEFFERSON BLADIMIR VIVAS LISCANO, and others known and unknown to the Grand Jury did: knowingly and willfully conspire, combine, confederate and agree among each other and with other persons to execute a scheme to defraud the Victim Financial Institutions in violation of Title 18, United States Code, Section 1344(1).

In violation of Title 18, United States Code, Section 1349.

## COUNT II
CONSPIRACY TO COMMIT BANK BURGLARY AND FRAUD AND RELATED ACTIVITY IN CONNECTION WITH COMPUTERS

15. The factual allegations contained in paragraphs 1 through 14 of this Indictment are re-alleged as though fully set forth herein.

16. From at least in or around January 2024 through at least in or around January 2026, in the District of Nebraska and in Venezuela, Colombia, Mexico, Spain, El Salvador, Honduras, and elsewhere, the defendants, EDGARDO ANDRES PALENCIA RIOS, ANNEIRO J. ALANA-RENDILES, KAINA ANDREA ANGULO-PARRA, JAN KLEYVER AVILA, DANIEL BARRIOS-FERNANDEZ, KEIVER YIBRAIM BERROTERAN ALIENDO, JORGE CARBALLO RODRIGUEZ, KISVER CACERES OVIEDO, WINDER M. CARDENAS-SAYABEDRA, WILSON ENRIQUE COLMENAREZ-HERRERA, JULIANNYS BEATRIZ DELGADO MAESTRE, JUAN ALEXANDER FAGUNDEZ AREVALO, YOHANYI RAFAEL FERRER HERNANDEZ, CARLOS EDUARDO HERNANDEZ MORENO,

6

CESAR A. IDROGO-RENGEL, ESCARLI PAOLA MAIZ HERRERA, SAMUEL ALEJANDRO MALAVER GUAICURBA, WILDERMAL MARQUEZ BREA, MIGUEL MATOS AVILA, ORLANDO MIRABAL, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, YEITCKER A. PEREZ MARTINEZ, RICARDO PLAZ REYES, LEONEL ALEXANDER RAMONES RAMOS, JEFFERSON ADRIAN RODRIGUEZ QUINTERO, ROGER JAVIER SALAZAR SALAZAR, RYBER JOSE SANCHEZ DIAZ, HENRY SANTIAGO THIES LUGO, GEILOND JOSE VIDO ROMERO, JEFFERSON BLADIMIR VIVAS LISCANO, and others known and unknown to the Grand Jury knowingly conspired and agreed with each other to commit acts and offenses against the laws of the United States, namely:

a. to enter or attempt to enter a building used in whole or in part as a bank whose deposits were then insured by the Federal Deposit Insurance Corporation and by the National Credit Union Administration Board, with the intent to commit a larceny, in violation of Title 18, United States Code, Section 2113(a);

b. to knowingly and with intent to defraud access and attempt to access a protected computer without authorization and by means of such conduct to further the intended fraud and obtain something of value, to wit: United States currency, in violation of Title 18, United States Code, Section 1030(a)(4); and

c. to knowingly cause the transmission of a program, information, code, and command and as a result of such conduct, intentionally cause damage without authorization to a protected computer, and cause loss to persons during a 1-year period from the defendant's course of conduct affecting protected computers aggregating at least

$5,000 in value, and cause damage affecting 10 or more protected computers during a 1-year period in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B).

17. The object of the conspiracy was to be accomplished by the manner and means as described in Paragraphs 9-13 above, which are re-alleged and incorporated as if set forth herein.

18. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the District of Nebraska and elsewhere:

   a. On or about October 29, 2024, defendant EDGARDO ANDRES PALENCIA RIOS and individuals known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at one of the Victim Credit Unions in Berwyn, Illinois and obtained $39,500.

   b. On or about September 17, 2024, defendant KEIVER YIBRAIM BERROTERAN ALIENDO deposited at least $45,740.00 into the bank account of All In One World, LLC, which was used by the criminal conspiracy to launder proceeds of ATM jackpotting.

   c. On or about November 1, 2024, defendants JEFFERSON ADRIAN RODRIGUEZ QUINTERO, RYBER JOSE SANCHEZ DIAZ, and HENRY SANTIAGO THIES LUGO, and individuals known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at one of the Victim Banks in West Fargo, North Dakota and obtained $24,800.

   d. On or about August 13, 2025, defendant KISVER CACERES OVIEDO sent locations of ATMs to individuals known and unknown to the Grand Jury for purposes of committing ATM jackpotting.

   e. On or about August 16, 2025 through on or about August 17, 2025, defendant CARLOS

EDUARDO HERNANDEZ MORENO and individuals known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at one of the Victim Credit Unions located in Kearney, Nebraska and obtained $300,000.

f. On or about September 17, 2025 through on or about September 18, 2025, defendants WILDERMAL MARQUEZ BREA and ORLANDO MIRABAL and individuals known and unknown to the Grand Jury attempted to commit a jackpotting attack at an ATM located at one of the Victim Banks located in Grand Island, Nebraska and attempted to obtain $42,780.

g. On or about October 15, 2025, defendants ANNEIRO J. ALANA-RENDILES, WINDER M. CARDENAS-SAYABEDRA, WILSON ENRIQUE COLMENAREZ-HERRERA, and CESAR ANTONIO IDROGO-RENGEL, and individuals known and unknown to the Grand Jury, attempted to commit a jackpotting attack at an ATM located at one of the Victim Credit Unions located in Dubuque, Iowa and attempted to obtain all of the money within the ATM.

h. On or about November 2, 2025, defendants JOSE L. BARBOZA ESCORIHUELA, WINDERLYS CARMEZA MADRIZ, ARGENIS ALEXANOKY PARZ AULAR, LEONEL ALEXANDER RAMONES RAMOS, and individuals known and unknown to the Grand Jury, attempted to commit a jackpotting attack at an ATM located at one of the Victim Banks located in Dubuque, Iowa and attempted to obtain all of the money within the ATM.

i. On or about November 2, 2025, defendants KAINA ANDREA ANGULO-PARRA, JULIANNYS BEATRIZ DELGADO MAESTRE, and YEITCKER A. PEREZ-MARTINEZ, and individuals known and unknown to the Grand Jury, committed a

jackpotting attack at an ATM located at one of the Victim Credit Unions located in Warr Acres, Oklahoma and obtained $21,000.

j. On or about November 30, 2025, defendants JORGE CARBALLO RODRIGUEZ, JUAN ALEXANDER FAGUNDEZ AREVALO, and ROGER JAVIER SALAZAR SALAZAR, and individuals known and unknown to the Grand Jury, attempted to commit a jackpotting attack at an ATM located at one of the Victim Credit Unions in Kearney, Nebraska and attempted to obtain $126,029.74.

k. On or about December 5, 2025, defendants YOHANYI RAFAEL FERRER HERNANDEZ, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, GEILOND JOSE VIDO ROMERO, and JEFFERSON BLADIMIR VIVAS LISCANO, and individuals known and unknown to the Grand Jury, attempted to commit a jackpotting attack at an ATM located at one of the Victim Credit Unions located in Columbus, Nebraska and attempted to take $68,200.

l. Between on or about December 15, 2025, and December 16, 2025, defendants JULIANNYS BEATRIZ DELGADO MAESTRE and ESCARLI PAOLA MAIZ HERRERA, and individuals known and unknown to the Grand Jury, committed a jackpotting attack at an ATM located at one of the Victim Banks in Irvington, New Jersey and obtained over $80,000.

In violation of Title 18, United States Code, Section 371.

## COUNTS III-XII
### BANK FRAUD

19. The factual allegations contained in paragraphs 1 through 18 of this Indictment are re-alleged as though fully set forth herein.

20. On or about the dates set forth below and in the following manner, in the District of Nebraska and elsewhere, the defendants as listed in the below table, while aiding and abetting one another, and with individuals known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme to defraud a financial institution, by using Ploutus malware to execute a jackpotting attack in which Ploutus malware contained, among other things, files that contained anti-analysis measures to hinder forensic review, specifically software protection utilities to prevent reverse-engineering and debugging, and other files that served the function of deleting the malware from the system in an effort to conceal, create a false impression, mislead, or otherwise deceive employees of the financial institution from learning about the deployment of the malware on the ATM, each of the below constituting a separate count:

| COUNT | DATE | DEFENDANT(S) | VICTIM BANK OR VICTIM CREDIT UNION |
|---|---|---|---|
| III | August 16 through 17, 2025 | CARLOS EDUARDO HERNANDEZ MORENO | Victim Credit Union-2 in Kearney, Nebraska |
| IV | September 17 through 18, 2025 | WILDERMAL MARQUEZ BREA and ORLANDO MIRABAL | Victim Bank-54 in Grand Island, Nebraska |
| V | October 12, 2025 | WINDER M. CARDENAS-SAYABEDRA and CESAR ANTONIO IDROGO-RENGEL | Victim Credit Union-41 in Columbus, Nebraska |
| VI | October 12, 2025 | WINDER M. CARDENAS-SAYABEDRA and CESAR ANTONIO IDROGO-RENGEL | Victim Credit Union-42 in Lincoln, Nebraska |
| VII | October 22, 2025 | JULIANNYS BEATRIZ DELGADO MAESTRE | Victim Bank-47 in Lincoln, Nebraska |
| VIII | October 24, 2025 | KAINA ANDREA ANGULO-PARRA | Victim Bank-55 in Waverly, Nebraska |
| IX | October 26, 2025 | JULIANNYS BEATRIZ DELGADO MAESTRE | Victim Bank-55 in McCook, Nebraska |
| X | November 30, | JORGE CARBALLO | Victim Credit Union-2 in Kearney, |

|  | 2025 | RODRIGUEZ, JUAN ALEXANDER FAGUNDEZ AREVALO, and ROGER JAVIER SALAZAR SALAZAR | Nebraska |
| --- | --- | --- | --- |
| XI | December 5, 2025 | YOHANYI RAFAEL FERRER HERNANDEZ, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, GEILOND JOSE VIDO ROMERO, and JEFFERSON BLADIMIR VIVAS LISCANO | Victim Credit Union-41 in Columbus, Nebraska |
| XII | December 5, 2025 | YOHANYI RAFAEL FERRER HERNANDEZ, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, GEILOND JOSE VIDO ROMERO, and JEFFERSON BLADIMIR VIVAS LISCANO | Victim Credit Union-43 in Central City, Nebraska. |

In violation of Title 18, United States Code, Section 1344 and 2.

## COUNTS XIII-XXII
### BANK BURGLARY

21. The factual allegations contained in paragraphs 1 through 20 of this Indictment are re-alleged as though fully set forth herein.

22. On or about the dates set forth below and in the following manner, in the District of Nebraska and elsewhere, the below specified defendants, while aiding and abetting one another, and with individuals known and unknown to the Grand Jury, did enter or attempt to enter a building used in whole or in part as a bank whose deposits were then insured by the Federal Deposit Insurance Corporation or a credit union whose deposits were insured by the National Credit

12

Union Administration Board, with the intent to commit a larceny, each of the below constituting a separate count:

| COUNT | DATE | DEFENDANT(S) | VICTIM BANK OR VICTIM CREDIT UNION |
|---|---|---|---|
| XIII | August 16 through 17, 2025 | CARLOS EDUARDO HERNANDEZ MORENO | Victim Credit Union-2 in Kearney, Nebraska |
| XIV | September 17 through 18, 2025 | WILDERMAL MARQUEZ BREA and ORLANDO MIRABAL | Victim Bank-54 in Grand Island, Nebraska |
| XV | October 12, 2025 | WINDER M. CARDENAS-SAYABEDRA and CESAR ANTONIO IDROGO-RENGEL | Victim Credit Union-41 in Columbus, Nebraska |
| XVI | October 12, 2025 | WINDER M. CARDENAS-SAYABEDRA and CESAR ANTONIO IDROGO-RENGEL | Victim Credit Union-42 in Lincoln, Nebraska |
| XVII | October 22, 2025 | JULIANNYS BEATRIZ DELGADO MAESTRE | Victim Bank-47 in Lincoln, Nebraska |
| XVIII | October 24, 2025 | KAINA ANDREA ANGULO-PARRA | Victim Bank-55 in Waverly, Nebraska |
| XIX | October 26, 2025 | JULIANNYS BEATRIZ DELGADO MAESTRE | Victim Bank-55 in McCook, Nebraska |
| XX | November 30, 2025 | JORGE CARBALLO RODRIGUEZ, JUAN ALEXANDER FAGUNDEZ AREVALO, and ROGER JAVIER SALAZAR SALAZAR | Victim Credit Union-2 in Kearney, Nebraska |
| XXI | December 5, 2025 | YOHANYI RAFAEL FERRER HERNANDEZ, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, GEILOND JOSE VIDO ROMERO, and JEFFERSON BLADIMIR VIVAS LISCANO | Victim Credit Union-41 in Columbus, Nebraska |
| XXII | December 5, 2025 | YOHANYI RAFAEL FERRER HERNANDEZ, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ | Victim Credit Union-43 in Central City, Nebraska. |

| | | SANCHEZ, GEILOND JOSE VIDO ROMERO, and JEFFERSON BLADIMIR VIVAS LISCANO | |

All in violation of Title 18, United States Code, Section 2113(a) and 2.

## COUNTS XXIII-XXXII
INTENTIONAL DAMAGE TO A PROTECTED COMPUTER

23. The factual allegations contained in paragraphs 1 through 22 of this Indictment are re-alleged as though fully set forth herein.

24. On or about the dates set forth below and in the following manner, in the District of Nebraska and elsewhere, the below specified defendants, while aiding and abetting one another, and with individuals known and unknown to the Grand Jury, did knowingly cause the transmission of a program, information, code, and command and, as a result of such conduct, intentionally caused damage, and attempted to cause damage, without authorization, to a protected computer exclusively for the use of a financial institution and used by or for a financial institution listed below and to a protected computer used in and affecting interstate commerce and communication, and the offense caused loss to persons during a 1-year period from the defendant's course of conduct affecting protected computers aggregating at least $5,000 in value, each of the below constituting a separate count:

| COUNT | DATE | DEFENDANT(S) | VICTIM BANK OR VICTIM CREDIT UNION |
|---|---|---|---|
| XXIII | August 16 through 17, 2025 | CARLOS EDUARDO HERNANDEZ MORENO | Victim Credit Union-2 in Kearney, Nebraska |
| XXIV | September 17 through 18, 2025 | WILDERMAL MARQUEZ BREA and ORLANDO MIRABAL | Victim Bank-54 in Grand Island, Nebraska |
| XXV | October 12, 2025 | WINDER M. CARDENAS-SAYABEDRA and CESAR ANTONIO IDROGO-RENGEL | Victim Credit Union-41 in Columbus, Nebraska |

14

| XXVI | October 12, 2025 | WINDER M. CARDENAS-SAYABEDRA and CESAR ANTONIO IDROGO-RENGEL | Victim Credit Union-42 in Lincoln, Nebraska |
|---|---|---|---|
| XXVII | October 22, 2025 | JULIANNYS BEATRIZ DELGADO MAESTRE | Victim Bank-47 in Lincoln, Nebraska |
| XXVIII | October 24, 2025 | KAINA ANDREA ANGULO-PARRA | Victim Bank-55 in Waverly, Nebraska |
| XXIX | October 26, 2025 | JULIANNYS BEATRIZ DELGADO MAESTRE | Victim Bank-55 in McCook, Nebraska |
| XXX | November 30, 2025 | JORGE CARBALLO RODRIGUEZ, JUAN ALEXANDER FAGUNDEZ AREVALO, and ROGER JAVIER SALAZAR SALAZAR | Victim Credit Union-2 in Kearney, Nebraska |
| XXXI | December 5, 2025 | YOHANYI RAFAEL FERRER HERNANDEZ, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, GEILOND JOSE VIDO ROMERO, and JEFFERSON BLADIMIR VIVAS LISCANO | Victim Credit Union-41 in Columbus, Nebraska |
| XXXII | December 5, 2025 | YOHANYI RAFAEL FERRER HERNANDEZ, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, GEILOND JOSE VIDO ROMERO, and JEFFERSON BLADIMIR VIVAS LISCANO | Victim Credit Union-43 in Central City, Nebraska. |

All in violation of Title 18, United States Code, Section 1030(a)(5)(A), (c)(4)(B), and 2.

**FORFEITURE**

25. The allegations contained in Counts I and III through XII of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(2)(A).

26. The allegations contained in Counts II and XIII through XXII of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

27. The allegations contained in Counts II and XXIII through XXXII of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and 1030(i); and Title 28, United States Code, Section 2461(c).

28. Upon conviction of an offense in violation of Title 18, United States Code, Sections 1344 and 1349 set forth in Counts I and III through XII of this Indictment, the defendants, EDGARDO ANDRES PALENCIA RIOS, ANNEIRO J. ALANA-RENDILES, KAINA ANDREA ANGULO-PARRA, JAN KLEYVER AVILA, DANIEL BARRIOS-FERNANDEZ, KEIVER YIBRAIM BERROTERAN ALIENDO, JORGE CARBALLO RODRIGUEZ, KISVER CACERES OVIEDO, WINDER M. CARDENAS-SAYABEDRA, WILSON ENRIQUE COLEMANREZ-HERRERA, JULIANNYS BEATRIZ DELGADO MAESTRE, JUAN ALEXANDER FAGUNDEZ AREVALO, YOHANYI RAFAEL FERRER HERNANDEZ, CARLOS EDUARDO HERNANDEZ MORENO, CESAR A. IDROGO-RENGEL, ESCARLI PAOLA MAIZ HERRERA, SAMUEL ALEJANDRO MALAVER GUAICURBA, WILDERMAL MARQUEZ BREA, MIGUEL MATOS AVILA, ORLANDO MIRABAL,

JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, YEITCKER A. PEREZ MARTINEZ, RICARDO PLAZ REYES, LEONEL ALEXANDER RAMONES RAMOS, JEFFERSON ADRIAN RODRIGUEZ QUINTERO, ROGER JAVIER SALAZAR SALAZAR, RYBER JOSE SANCHEZ DIAZ, HENRY SANTIAGO THIES LUGO, GEILOND JOSE VIDO ROMERO, JEFFERSON BLADIMIR VIVAS LISCANO, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(2)(A), any property, real or personal, involved in such offense and any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

29. Upon conviction of an offense in violation of Title 18, United States Code, Sections 371 and 2113 set forth in Counts II and XIII through XXII of this Indictment, the defendants, EDGARDO ANDRES PALENCIA RIOS, ANNEIRO J. ALANA-RENDILES, KAINA ANDREA ANGULO-PARRA, JAN KLEYVER AVILA, DANIEL BARRIOS-FERNANDEZ, KEIVER YIBRAIM BERROTERAN ALIENDO, JORGE CARBALLO RODRIGUEZ, KISVER CACERES OVIEDO, WINDER M. CARDENAS-SAYABEDRA, WILSON ENRIQUE COLEMANREZ-HERRERA, JULIANNYS BEATRIZ DELGADO MAESTRE, JUAN ALEXANDER FAGUNDEZ AREVALO, YOHANYI RAFAEL FERRER HERNANDEZ, CARLOS EDUARDO HERNANDEZ MORENO, CESAR A. IDROGO-RENGEL, ESCARLI PAOLA MAIZ HERRERA, SAMUEL ALEJANDRO MALAVER GUAICURBA, WILDERMAL MARQUEZ BREA, MIGUEL MATOS AVILA, ORLANDO MIRABAL, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, YEITCKER A. PEREZ MARTINEZ, RICARDO PLAZ REYES, LEONEL ALEXANDER RAMONES RAMOS, JEFFERSON ADRIAN RODRIGUEZ

QUINTERO, ROGER JAVIER SALAZAR SALAZAR, RYBER JOSE SANCHEZ DIAZ, HENRY SANTIAGO THIES LUGO, GEILOND JOSE VIDO ROMERO, JEFFERSON BLADIMIR VIVAS LISCANO, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, involved in such offense and any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

30. Upon conviction of an offense in violation of Title 18, United States Code, Sections 371 and 1030 set forth in Counts II and XXIII through XXXII of this Indictment, the defendants, EDGARDO ANDRES PALENCIA RIOS, ANNEIRO J. ALANA-RENDILES, KAINA ANDREA ANGULO-PARRA, JAN KLEYVER AVILA, DANIEL BARRIOS-FERNANDEZ, KEIVER YIBRAIM BERROTERAN ALIENDO, JORGE CARBALLO RODRIGUEZ, KISVER CACERES OVIEDO, WINDER M. CARDENAS-SAYABEDRA, WILSON ENRIQUE COLEMANREZ-HERRERA, JULIANNYS BEATRIZ DELGADO MAESTRE, JUAN ALEXANDER FAGUNDEZ AREVALO, YOHANYI RAFAEL FERRER HERNANDEZ, CARLOS EDUARDO HERNANDEZ MORENO, CESAR A. IDROGO-RENGEL, ESCARLI PAOLA MAIZ HERRERA, SAMUEL ALEJANDRO MALAVER GUAICURBA, WILDERMAL MARQUEZ BREA, MIGUEL MATOS AVILA, ORLANDO MIRABAL, JUAN CARLOS MOJICA VALDERRAMA, MOISES DAVID NANEZ SANCHEZ, YEITCKER A. PEREZ MARTINEZ, RICARDO PLAZ REYES, LEONEL ALEXANDER RAMONES RAMOS, JEFFERSON ADRIAN RODRIGUEZ QUINTERO, ROGER JAVIER SALAZAR SALAZAR, RYBER JOSE SANCHEZ DIAZ, HENRY SANTIAGO THIES LUGO, GEILOND JOSE VIDO ROMERO, JEFFERSON BLADIMIR VIVAS LISCANO, shall forfeit to the United States of America, pursuant to Title

18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and 1030(i); and Title 28, United States Code, Section 2461(c), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

31. The property to be forfeited includes, but is not limited to, the following:

   a. A sum of money equal to the total amount of proceeds traceable to such offenses for which the Defendants are convicted at least in the amount of $6,076,321.00.

32. If any of the property described above, as a result of any act or omission of the defendant(s):

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Tite 18 United States Code Sections 981(a)(1)(C), 982(a)(2) and (A) and (B), 1030(i); and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

_____
FOREPERSON

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

UNITED STATES OF AMERICA,
Plaintiff

19

LESLEY A. WOODS
United States Attorney
District of Nebraska

*[signature]*

SEAN P. LYNCH, #25275
Assistant U.S. Attorney

DANIEL PACKARD #21991
Assistant U.S. Attorney

FRANK LIN
Senior Counsel, CCIPS

JULIE A. CHILDRESS
Trial Attorney, Joint Task Force Vulcan
United States Department of Justice

KATELAN MCKENZIE DOYLE
Trial Attorney, Joint Task Force Vulcan
United States Department of Justice